UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES W. DIXON,<br>    Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br>    Defendant. | )<br>)<br>)<br>)    CAUSE NO.:2:18-CV-274-JEM<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on United States of America's Motion to Dismiss [DE 12], filed by Defendant United States of America, improperly sued as Internal Revenue Service, on November 26, 2018, and Plaintiff's Motion for Leave to File an Amended Complaint to Join an Additional Party [DE 23], filed by Plaintiff Dixon, *pro se*, on March 25, 2019. Plaintiff Dixon seeks to amend his Complaint to add his wife as a plaintiff in this action. Defendant United States seeks to have the case dismissed.

**I.    Background**

On July 26, 2018, Dixon filed a Complaint regarding his tax filing for the 2012 income tax year, alleging that the IRS improperly denied his timely first claim for refund. On November 26, 2018, the United States filed the instant Motion to Dismiss. Dixon filed a response on December 13, 2018, and on March 12, 2019, the United States filed a reply. On March 25, 2019, Dixon filed the instant Motion to Amend. The United States filed a response on April 4, 2019, and on April 19, 2019, Dixon filed a reply.

**II.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a cause of action when

1

the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The "district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). However, when subject matter jurisdiction is not apparent on the face of the complaint and is contested, the district court may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 198 (1936)).

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

When a plaintiff seeks to add a new plaintiff through an amended complaint, Federal Rule

of Civil Procedure 20 is implicated. *See Lee v. Cook Cnty. Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). Rule 20 provides that plaintiffs may be joined to an action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "The standard for permissive joinder under Rule 20 is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007), and "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001); *see also Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994).

### III. Analysis

The Complaint, filed July 26, 2018, addresses federal income taxes for the tax year ending December 31, 2012. The parties agree that Dixon timely filed an administrative claim for a tax refund via Form 1040X on April 13, 2015. The IRS sent a Letter 105C to Dixon on January 21, 2016, stating that the claim of April 13, 2015, could not be allowed. Dixon filed another Form 1040X in June 2016, and received a Letter 105C dated August 3, 2016, disallowing that claim. During this time, Dixon was engaged in bankruptcy proceedings: he filed for bankruptcy on or about September 2, 2010, and he states that it was completed on July 22, 2016. In its Motion to Dismiss, the United States seeks to have Dixon's suit dismissed as barred by the applicable statute of limitations. Dixon filed a Motion to Amend, seeking to add his spouse as a party plaintiff.

3

A.      Motion to Dismiss

The United States argues that Dixon's suit is untimely and must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Dixon argues that the statute of limitations was tolled when he filed for bankruptcy and that he relied on written guidance he received from the IRS, so the United States should be estopped from arguing a shorter statute of limitations should apply.

Any suit "for the recovery of any internal revenue tax, penalty, or other sum" must be commenced before "the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a)(1). The United States argues that Dixon did not file his suit for refund until more than two years after the first administrative claim was denied, so the case must be dismissed for lack of subject matter jurisdiction.

Dixon argues first that the statute of limitations was tolled when he filed for bankruptcy, so that the statue of limitations was tolled until January 22, 2017, six months after it was completed, citing to 26 U.S.C. § 6503(h). However, as the United States argues, that section of the code deals with assessment of taxes by the IRS, and "tolls the period of time in which the United States can collect a tax against a taxpayer/debtor," not the time for a suit brought against the United States. *Merisel of Americas, Inc. v. United States*, No. 97-0723T, 2000 WL 641604, at *6 (D.R.I. Feb. 22, 2000) (comparing 26 U.S.C. § 6503(h) with 26 U.S.C. § 6532(c)). Section 6532 provides the statute of limitations for lawsuits brought by taxpayers against the Government, and does not include a tolling provision for the plaintiff's bankruptcy. *See* 26 U.S.C. §6532(a). The disallowance letter regarding Dixon's administrative claim for a refund was mailed on or about January 21, 2016, so the statute of limitations for a tax refund suit expired on or about January 21, 2018, despite Dixon's

4

bankruptcy that was completed in 2016.

Dixon also argues that he relied on the IRS's written guidance when filing his suit. He states that he received a letter dated August 4, 2016, informing him of his right to appeal, arguing that this letter should govern the statute of limitations. The United States explains that Dixon signed a Form 1040X in April 2015 and another in June 2016, but that these two forms are identical. The June 2016 form was not a new refund claim submitted on new grounds, so it does not restart the statue of limitations. *L & H Co. v. United States*, 963 F.2d 949, 951 (7th Cir. 1992) ("A submission of a second claim may expand the limitations period where the second claim alleges grounds or theories for recovery which are different from those set forth in the first claim. However, resubmission of an identical claim with an attachment adding an additional piece of evidence, as was the case here, does not constitute a new claim and does not warrant suspension of the original limitations period."). The first Letter 105C, dated January 21, 2016, and disallowing the April 2015 Form 1040X refund claim, therefore starts the statute of limitations. The second disallowance letter from August 4, 2016, does not reopen the time period to file suit since it did not involve a new refund claim.

The United States argues that even if the June 2016 Form 1040X could be construed as a new claim, then the case is still time-barred, because any "[c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed." 26 U.S.C. § 6511(a). Accordingly, the time period for a new refund claim expired April 15, 2016, three years after the original tax return date of April 15, 2013.

Accordingly, Dixon's claim for a refund for tax year 2012 is barred by the statute of limitations. Because the Court does not have subject matter jurisdiction, the case must be dismissed.

B. Motion to Amend

Dixon moves to amend his Complaint to add his spouse, Shirley Dixon, as a party plaintiff. Although it does not object to the joinder of Shirley Dixon to the case, the United States opposes the amendment, arguing that it would be futile. In this case, Shirley Dixon is properly added as a party since the tax returns at issue used the "married filing jointly" status and were therefore filed in her name as well as Charles Dixon's. However, the proposed amended complaint does not address the jurisdictional deficiencies described above and the case will still be time-barred. Amendment would therefore be futile.

**IV. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the United States of America's Motion to Dismiss [DE 12], and **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint to Join an Additional Party [DE 23].

SO ORDERED this 24th day of July, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *pro se*